# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MARCO THONY CADEJUSTE,**
**DOC # K61767,**

    **Plaintiff,**

vs.                                           Case No. 4:21cv290-WS-MAF

**H. WELLS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, ECF Nos. 5-6, was directed to file an amended complaint by October 12, 2021, if he desired to pursue this case. ECF No. 10. Plaintiff requested numerous extensions of time, and has recently filed an amended complaint. ECF No. 23. The amended complaint has been reviewed as required by 28 U.S.C. § 1915A.

In general, Plaintiff has alleged that officials with the Florida Department of Corrections have not properly calculated his sentence. Plaintiff claims that Defendants Bowden and Wells negligently and illegally

extended his sentence. ECF No. 23 at 5. He contends that the Defendants falsely concluded that his counts did not run concurrent and that he was not granted "prior prison credit on count 10." *Id.* He has claimed that Defendants denied him over 700 days prior prison and jail credit, and denied him due process of law. *Id.* Plaintiff also alleges that the Defendants denied him over 400 days of unforfeited gain time.[1] *Id.* at 5-6. Plaintiff contends he is treated differently than other similarly situated inmates "who have earned gain time and been released." *Id.* at 6. Plaintiff claims such conduct violates his equal protection rights. *Id.* He also argues that if the "correct gaintime" would have been applied, he would "qualify for emergency release." *Id.*

Plaintiff contends that he has been falsely imprisoned, had his due process rights violated, and denied equal protection of the law. *Id.* at 7. As relief, Plaintiff seeks "$1,000.00 for every day illegally incarcerated." *Id.*

First, Plaintiff's equal protection claim is a conclusory allegation and unsupported by facts which show that any specific person was similarly situated but treated differently than Plaintiff. It is unknown whether Plaintiff

---

[1] An attachment to Plaintiff's amended complaint demonstrates that he was awarded 1004 days of gain time since March 19, 2009; however, Plaintiff also had 573 days of that gain time award forfeited due to disciplinary actions. ECF No. 23 at 16 (Ex. A).

Case No. 4:21cv290-WS-MAF

contends the unequal treatment is due to his race, religion, or some other constitutionally protected reason. Plaintiff has not shown that other inmates did not have gain time forfeited, or that because of some identifiable reason, Plaintiff did not earn gain time in the same manner as other inmates. This claim is insufficient on its face.

Second, Plaintiff's complaint is a collateral attack on the length of his prison sentence. Such a claim cannot be litigated in a civil rights action.

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). A challenge to the proper calculation of a sentence and asserting that one's current confinement is unlawful strikes at the "heart of habeas corpus." Preiser, 411 U.S. at 498, 93 S. Ct. at 1840.

Page 4 of 6

On the other hand, where a prisoner seeks to challenge the conditions of his confinement and his treatment by prison officials, filing a § 1983 action "is a proper remedy." *Id.* at 499, 93 S. Ct. at 1841. Here, Plaintiff is not challenging any conditions of confinement. Rather, he is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." 411 U.S. at 500, 93 S. Ct. at 1841. In this situation, the Supreme Court has made clear that Plaintiff's "sole federal remedy is a writ of habeas corpus." *Id.* Because that is Plaintiff's exclusive remedy, and this case does not present a conditions of confinement challenge, it should be dismissed as frivolous. Cook v. Baker, 139 F. App'x 167, 169 (11th Cir. 2005) (affirming dismissal of prisoner's § 1983 case "as frivolous" because the exclusive remedy for prisoner's claim was "to file a habeas corpus petition pursuant to 28 U.S.C. § 2254").

Notably, Plaintiff did not request release from prison in the amended complaint; rather, he only sought monetary damages. Even so, it is well established "that a § 1983 suit for damages that would 'necessarily imply' the invalidity of the fact of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under

§ 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." <u>Nelson v. Campbell</u>, 541 U.S. 637, 646, 124 S. Ct. 2117, 2124, 158 L. Ed. 2d 924 (2004) (citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997)).  Plaintiff is not entitled to relief and this case must be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 23, be **DISMISSED** as frivolous, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on February 17, 2022.

     S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**